Peii Cueiam.
There must be judgment for defendant; it not being alleged that plaintiff, at the time of the tender of the debt, gave notice that a writ had issued. The replication does not allege that any notice was given. Defendant was not bound to pay unless notified. We cannot presume notice in this ease, (a) Judgment for defendant.[1]

 Qucere. Was not defendant, when he tendered for the debt, bound to inquire whether any writ had issued. See Rep. Hillsborough, April Term, 1807.
8 T. R. 629. It seems expenses incurred in retaining an attorney to *134 commence an action, &c., need not be paid, to make a tender good; but it is conceived the writ must be paid for, if defendant has notice; and that he must have notice if no service made.

 In support of this decision, see the views expressed in Haskell v. Brewer, 1834, 2 Fairf. (Me.) 258, 262, and in Hull v. Peters, 1849, 7 Barb. *134 (N. Y.) 331. See, however, Butler, C. J., in Studwell v. Cooke, 1871, 38 Conn. 549, 552.
In some jurisdictions, the defendant need not have relied on his want of notice of the commencement of the action, but might have taken the broader ground, that the action had not been commenced at the time of tender. Ashburn v. Poulter, 1869, 35 Conn. 553; Studwell v. Cooke, 1871, 38 Conn. 549; Randall v. Bacon, 1876, 49 Vt. 20; Knight v. Beach, 1869, 7 Abb. N. Y. Pr. n. s. 241. But the defendant was precluded on this point by the then recent decision in Brown v. Sheafe, Rockingham, September Term, 1803. In that case, a tender was made after the writ had been filled out and delivered to an officer for service, but before service. Held, that the action was commenced before the tender. Compare Emerson v. White, 1858, 10 Gray, 351. It has since been held in this State that an action is to be regarded as commenced, so as to stop the running of the Statute of Limitations, when the writ is filled up with the declaration, in order to have it served on the opposite party. Society for Propagating the Gospel v. Whitcomb, 1820, 2 N. H. 227; Howard v. Hunt, 1845, 17 N. H. 449; Bellows, J., in Mason v. Cheney, 1866, 47 N. H. 24; Brewster v. Brewster, 1872, 52 N. H. 52, 60. And an action has been held to be commenced, so as to exclude the set-off of a subsequently acquired claim, when the writ was made out and placed in the hands of an officer for service. Hardy v. Corlis, 1850, 21 N. H. 356. Perley, J., said, p. 357, “ It. has been well and long understood in our practice that, as a general rule, an action is commenced when the writ is filled up with the declaration, as the statute provides, in order to have it served on the opposite party. This rule is established on the authority of several reported cases; and, so far as we are aware, no decision has been made in this State, applying a different rule to any case for any purpose.”